IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:25-cr-00316-CNS-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD H. PRADO,

    Defendant.

**ORDER**

Before the Court is Defendant Edward H. Prado's fully briefed Motion to Suppress. ECF No. 26. Upon review of the parties' briefs and evidentiary submissions, and having had the benefit of argument and testimony from a two-day suppression hearing, *see* ECF Nos. 46–47, the Court DENIES Defendant's motion. In doing so, the Court presumes familiarity with the parties' suppression briefing, as well as their evidentiary submissions and suppression hearing testimony.

**I.    BACKGROUND**

The Court briefly summarizes the parties' arguments. Defendant argues that the officers lacked authority to frisk him and search or sweep the vehicle, *see* ECF No. 44 at 1, his subsequent statements were involuntary, ECF No. 26 at 8, and that his "un-*Mirandized* statement must be suppressed," *id.* at 12. The government argues that officers had authority to search Defendant's vehicle under three exceptions to the Fourth Amendment's warrant requirement, *see, e.g.,* ECF No. 39 at 6, that Defendant's

1

statements were voluntary, *id.* at 12, and that any un-*Mirandized* statements should not be suppressed, *id.* at 14. It follows, the government argues, that the firearm seized during officers' encounter with Defendant, as well as his statements, should not be suppressed. *See, e.g., id.* at 6. Defendant represented at the suppression hearing that if the Court concludes the officers had probable cause to search his car that the Court need not reach the issues as to whether Defendant's statements were made voluntarily, or whether any un-*Mirandized* statement must be suppressed.

Explained further below, the Court agrees with the government that officers had probable cause to search the automobile under the Fourth Amendment's automobile exception. And because it agrees with the government as to the officers' probable cause and this exception's application, the Court need not address the government's assertions that other exceptions apply, or whether his subsequent un-*Mirandized* statements were voluntary.[1]

## II.   ANALYSIS

"The Fourth Amendment prohibits 'unreasonable searches and seizures.'" *United States v. Venezia*, 995 F.3d 1170, 1174 (10th Cir. 2021) (quoting U.S. Const. amend. IV). "Warrantless searches are presumptively unreasonable, but there are exceptions." *United States v. Reza*, No. 23-2049, 2024 WL 577538, at *5 (10th Cir. Feb. 13, 2024) (unpublished) (citing *Birchfield v. North Dakota*, 579 U.S. 438, 456 (2016)). The government "bears the burden of proving that the seizure and search were reasonable." *Venezia*, 995 F.3d at 1174–75.

---

[1] The Court's determination is bolstered by the government's representation at the suppression hearing that it is not seeking admission of Defendant's statement following the officer's questioning as to whether Defendant possessed a firearm. In the government's words, it became a "*Miranda* issue" at that point.

Under the automobile exception to the Fourth Amendment's warrant requirement, "a warrantless search is permissible if there is probable cause to believe that the vehicle contains contraband." *Reza*, 2024 WL 577538, at *5 (citation modified); *see also United States v. Phillips*, 71 F.4th 817, 823 (10th Cir. 2023) ("[P]olice officers who have probable cause to believe there is contraband inside an automobile that has been stopped on the road may search it without obtaining a warrant." (citation modified)).

Central to the parties' probable cause dispute, as their briefs and arguments at the suppression hearing demonstrate, is whether the officers had probable cause to search based on Defendant's visible marijuana use. *Compare* ECF No. 39 at 7, *with* ECF No. 44 at 2 ("It is telling that the parties disagree about which putative marijuana violation Mr. Prado may have committed."). Specifically, whether the officers had probable cause to believe Defendant violated C.R.S. § 18–18–406, which provides that "a person who openly and publicly displays, consumes, or uses two ounces or less of marijuana commits a drug petty offense," *id.* § 18-18-406(b)(I), and that the "open and public display, consumption, or use of more than two ounces . . . is deemed possession thereof," *id.* § 18–18–406(b)(II). *See also* ECF No. 44 at 2.

The government argues Defendant was smoking marijuana openly and publicly, and therefore violated § 18–18–406(b). *See, e.g.,* ECF No. 39 at 7. Defendant argues that his marijuana usage was neither open nor public as contemplated under § 18–18–406(b), and therefore no probable cause existed to conduct a search of the automobile, in violation of the Fourth Amendment. *See, e.g.,* ECF No. 44 at 2. For the reasons set forth in the government's brief, as well as the arguments advanced at the suppression

3

hearing, the Court agrees with the government that Defendant's marijuana use and consumption was open and public under § 18–18–406(b).

At the suppression hearing, the government directed the Court to *People v. Brown*, 504 P.3d 970 (Colo. 2022), where the Colorado Supreme Court determined an officer "smelled burnt marijuana and *then* had reasonable suspicion that [an automobile's] occupants were engaged in the open and public consumption of marijuana," *id.* at 978. Although *Brown* was not interpreting § 18–18–406(b)'s provisions in reaching this conclusion, *Brown* certainly bolsters the conclusion that a defendant's visible use of marijuana amounts to "open and public consumption," 504 P.3d at 970, even if the defendant is seated in an automobile. Or put differently, sitting in a car while smoking does not mean a defendant avoids § 18–18–406(b)'s applicability. And the Court agrees with the government that, as argued at the suppression hearing, dictionary definitions support its reading of § 18–18–406(b). *See, e.g., Open*, Black's Law Dictionary (12th ed. 2024) (defining "open" as both "manifest; apparent; notorious" and "visible; exposed to public view; not clandestine"); *Public*, Black's Law Dictionary (12th ed. 2024) (defining "public" in part as "a place open or visible to the public"); *Cowen v. People*, 431 P.3d 215, 218 (Colo. 2018) ("When determining the plain and ordinary meaning of words, we may consider a definition in a recognized dictionary." (citation modified)); *In re Mallo*, 774 F.3d 1313, 1321 (10th Cir. 2014) ("Dictionary definitions are useful touchstones to determine the 'ordinary meaning' of an undefined statutory term." (citation modified)).[2] Notably,

---

[2] Defendant argues the phrase "'openly and publicly' cannot be read to include spaces in which a person has a reasonable expectation of privacy." ECF No. 44 at 2. The Court need not address this argument—which essentially asks the Court to import a test into any § 18–18–406(b) analysis—because the plain language of § 18–18–406(b)'s "openly and publicly" prohibitions are clear. *Compare Gardener v. MeTV*, 681 F. Supp. 3d 864, 868 (N.D. Ill. 2023) ("When the statute is clear, the inquiry starts and stops there." (citation modified)); *with Portillo v. U.S. Dist. Ct. for Dist. of Arizona*, 15 F.3d 819, 823 (9th Cir. 1994) ("To determine an individual's privacy expectation, we apply a two-part *test*." (citation modified)).

during the suppression hearing Defendant did not contend with or attempt to explain why *Brown* is inapplicable in the Court's § 18–18–406(b) "open and public" analysis, or offer alternative definitions to support his argument that his marijuana use was neither open nor public.[3]

That Defendant was engaged in the open and public use of marijuana is particularly true here, where the officers' body worn camera footage shows that as they approached Defendant his window was already down, and he held a lit marijuana cigarette in his hand outside of the car's window. *See, e.g.,* Ex. 6 at 0:48–:55; Ex. 2 at 0:34–:44.[4] Further, the officers both credibly testified at the suppression hearing they smelled burnt marijuana as they approached the vehicle, highlighting both that Defendant's use and consumption was open and public—not clandestine—as well as that the officers developed probable cause to then search the automobile pursuant to the automobile exception.[5] *See, e.g., United States v. Williams*, No. 23-7071, 2025 WL 415739, at *4 (10th Cir. Feb. 6, 2025) (unpublished) ("'An officer's detection of the smell

---

[3] In closing arguments at the suppression hearing, Defendant appeared to suggest that § 18–18–406 may be void for vagueness. The parties' arguments at the suppression hearing were largely tethered to arguments advanced in their briefs. However, Defendant made no void-for-vagueness argument in his suppression motion, and so the Court declines to address it here. *See, e.g., United States v. Benton*, 988 F.3d 1231, 1235 n.3 (10th Cir. 2021) ("[Courts] will not consider arguments asserted for the first time at oral argument." (citation modified)).

[4] The government sought admission of Officer Wright's body worn camera footage, *see* Ex. 2, and Officer Ingle's body worn camera footage, *see* Ex. 6. Defendant did not object to their admission, and the Court admitted them into evidence during the suppression hearing. Notably, Officer Wright approaches the automobile before Officer Ingle, and from Officer Wright's footage a viewer can see Defendant's passenger side window was already rolled down, and that Defendant is blowing smoke from his marijuana cigarette out of the window. *See* Ex. 2 at 0:34–:44. From Officer Wright's camera footage, *see id.* at 0:42, a viewer can also see that Defendant's window was already rolled down as Officer Ingle approached the automobile's passenger side, *id.* at 0:42–:48.

[5] Indeed, a viewer can actually see a cloud of marijuana smoke emerge from the rolled-down window after Defendant takes a drag. Ex. 2 at 0:34–:38.

of drugs . . . in a car is entitled to substantial weight in the probable cause analysis and can be an independently sufficient basis for probable cause.'") (quoting *Phillips*, 71 F.4th at 823). And certainly the officers were permitted to search the bag that contained Defendant's firearm. *See, e.g., United States v. Vallejos*, No. 24-2065, 2025 WL 1950187, at *3 (10th Cir. July 16, 2025) (unpublished) ("Officers must limit the search to areas therein that *might contain contraband*." (citation modified) (emphasis added)).

In sum, the totality of the circumstances, *see, e.g., Reza*, 2024 WL 577538, at *5 —the smell of marijuana as the officers approached the automobile; the marijuana cigarette visible from Defendant's rolled-down window for both officers; Defendant's admission he had been smoking and then his request that Officer Ingle to step on the cigarette after Defendant threw it on the sidewalk—support the notion that the officers objectively had probable cause to believe Defendant was smoking openly and publicly, *see* § 18–18–406(b).[6] Therefore, a search of the automobile was permissible under the automobile exception. *See, e.g., United States v. Baldonado*, No. 1:23-CR-00655-WJ, 2024 WL 3202384, at *5 (D.N.M. June 27, 2024) (observing "probable cause is measured against an objective standard" and that "probable cause to search a vehicle exists, if under the totality of the circumstances, a fair probability exists that the vehicle contains

---

[6] The parties dispute the extent to which the Court may consider Defendant's presence in a "high crime" area in its probable cause analysis. As explained above, considering the totality of the circumstances the Court does not rely on this fact or place it inside the totality of circumstances giving rise to probable cause—the other facts the Court identifies are sufficient, under the totality of the circumstances, to provide probable cause. Regardless, even if the Court determined that Defendant was in a high crime area, such determination would not operate as the *sole* basis for its probable cause conclusion. The Court notes that, regardless, it would be permissible to consider this fact as a "relevant contextual consideration" in its probable cause analysis. *United States v. Raban*, 162 F.4th 1223, 1232–33 (10th Cir. 2025) (citation modified); *United States v. Guardado*, 699 F.3d 1220, 1223 (10th Cir. 2012) ("Therefore, while presence in a high-crime area, alone, does not establish reasonable suspicion, the district court correctly factored the area's high crime-rate into its analysis.").

contraband or other evidence." (citation modified)).[7] That Defendant was cooperative with the officers does not undermine this probable cause. *See, e.g., United States v. McGregor*, 158 F.4th 1082, 1105–06 (10th Cir. 2025) (observing in reasonable suspicion analysis that a "defendant's compliance and cooperation with officers do not undercut the probative weight of other factors").[8]

The Court makes one final note. In reaching its conclusion that the officers' search of the automobile, and ultimate discovery of Defendant's firearm, was permissible, the Court has only interpreted the statutory meanings of "open and public," consistent with Colorado law, *see Brown*, 504 P.3d at 978, and determined that pursuant to them the suppression record in this case shows that Defendant's use and consumption was open and public. The Court makes no determination as to any other factual scenarios that could implicate § 18–18–406(b) or give rise to a § 18–18–406(b) violation. Nor does it suggest that as a *per se* rule probable cause for a § 18–18–406(b) violation exists whenever a defendant is smoking in *any* car, anywhere. Only that, based on the totality of the circumstances in *this case*, *see Reza*, 2024 WL 577538, at *5, Defendant's marijuana

---

[7] Because this is an objective standard, even crediting Defendant's argument at the suppression hearing that the officers offered different rationales for arresting Defendant, the officers had probable cause to believe Defendant violated § 18–18–406. That Defendant's use and consumption of marijuana may also give rise to a civil offense, *see, e.g.,* C.R.S. 42–4–1305.5, does not disturb the officers' objective probable cause to believe Defendant was also committing a *criminal* marijuana offense, *see* § 18–18–406, even if such a criminal offense was minor. *See, e.g., United States v. Perdoma*, 621 F.3d 745, 749 (8th Cir. 2010) ("Whether the offense was an infraction or a misdemeanor is irrelevant."); *United States v. Sledge*, 460 F.3d 963, 967 n.3 (8th Cir. 2006) ("The relevant inquiry is whether probable cause existed to arrest [a defendant] for *some crime*." (original emphasis)).

[8] In its response brief, the government contends the officers had probable cause based on Defendant's violation of federal law. *See, e.g.,* ECF No. 39 at 9. The government set aside this argument at the suppression hearing, focusing instead of Defendant's violation of state law. *See* § 18–18–406. Because the Court concludes the officers had probable cause to believe that Defendant was openly and publicly using and consuming marijuana, *see id.*, the Court need not reach whether Defendant's violation of federal law could supply probable cause in this case. *Cf.* ECF No. 44 at 4 (arguing that violation of federal law does not render search reasonable and citing *United States v. Talley*, 467 F. Supp. 3d 832, 837 (N.D. Cal. 2020)).

use was open and public, giving rise to the requisite probable cause to justify the officers' automobile search. *See, e.g., United States v. Aranda-Diaz*, 623 F. App'x 912, 916–17 (10th Cir. 2015) ("[O]nce the officers' suspicions rise to the level of probable cause, they are empowered to search the entire vehicle." (citation modified)); *United States v. Huff*, 782 F.3d 1221, 1226 (10th Cir. 2015) ("Police officers may search vehicles without a warrant if they have probable cause to believe the vehicle contains evidence of a crime." (citation modified)); *Reza*, 2024 WL 577538, at *5.

Accordingly, Defendant fails to persuade that the firearm must be suppressed. And consistent with Defendant's statements at the suppression hearing, the Court need not address whether the remaining two warrant exceptions identified by the government apply, nor whether Defendant's statements were voluntary or suppressible. *See, e.g., Griffith v. El Paso Cnty., Colorado*, 129 F.4th 790, 813 (10th Cir. 2025).

### III.   CONCLUSION

Consistent with the above analysis, Defendant's Motion to Suppress, ECF No. 26, is DENIED.

DATED this 24th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge